# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**QUINTON RILEY**                                                                                              **PLAINTIFF**
**ADC #156458**

V.                              NO. 4:21-cv-00592-JM-ERE

**DOES**                                                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition (Recommendation) for dismissal has been sent to Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.  Discussion

Plaintiff Quinton Riley, who is being held at the Maximum Security Unit of the Arkansas Division of Correction (ADC), filed a Motion for a Writ of Mandamus without the help of a lawyer. *Doc. 1*. Mr. Riley requests "the Court to order Parole Board staff and officers to stop acting outside of the authority of the agency by

arbitrarily denying Plaintiff's parole for two years on a technical violation." *Doc. 1 at p. 1*. He also requests a Court Order "to compel the Parole Board to follow the statutory guidelines and release" him. *Id. at p. 3*.

Federal courts lack the authority to issue a writ of mandamus directing state officials in the performance of their *state* duties and functions. See *Evans v. Hutchinson*, 4:20-cv-00738-JM-JJV, 2020 WL 5649819 (E.D. Ark. Sept. 3, 2020) (citing *Noble v. Cain*, 123 Fed. App'x 151, 152 (5th Cir. 2005) (per curiam); *Handy v. Kelley*, No. 5:17-cv-00046-KGB, 2018 WL 5631068 (E.D. Ark. Oct. 30, 2018); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")); see also *Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cty.*, 323 F.2d 485, 486 (8th Cir. 1963) (denying petitioner's application for writ of mandamus, and suggesting that "if an unconstitutional restraint were to be imposed upon petitioner in the state proceedings, or as a result thereof, the question of the validity of such restraint could come within ... [the court's] jurisdiction through habeas corpus attack").

The ADC Parole Board staff and officers are not officers or employees of the United States. Therefore, this Court lacks jurisdiction and has no authority to issue

writs compelling a state agency or its employees.[1] Accordingly, the Writ of Mandamus should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Writ of Mandamus (*Doc. 1*) be DISMISSED.

2. Plaintiff Quinton Riley's lawsuit be DISMISSED, WITH PREJUDICE.

DATED this 8th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If Mr. Riley attempted to invoke the Court's federal jurisdiction to consider whether the Parole Board had violated his federal constitutional rights, that claim would also fail. It is well settled that a prisoner has no liberty interest in being granted parole. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011); *Smith v. Norris*, 40 Fed. Appx. 305 *1 (8th Cir. 2002) (unpublished per curiam) (no federal right to have specific release and parole eligibility dates calculated); *Johnson v. Norris*, No. 5:07-cv-00285-JMM, 2009 WL 4610267 *6 (E.D. Ark. December 2, 2009) (no constitutionally protected liberty interest or Arkansas statutory right to specific transfer or parole eligibility date).